NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.V., | Civil Action No. 19-18049 (SRC) |
| Plaintiff, | |
| | OPINION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff J.V. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning February 16, 2014. Two hearings were held before ALJ Elana Hallo (the "ALJ") on July 20 and October 10, 2018, and the ALJ issued an unfavorable decision on November 8, 2018, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of November 8, 2018, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on a number of grounds, but this Court need only reach the argument that succeeds: at step four, the ALJ did not adequately explain the reasons for rejecting the opinion of a treating physician.

Plaintiff contends that the ALJ rejected the opinions of Plaintiff's treating physician, Dr. Tikoo, without adequate explanation. What follows is the ALJ's discussion of Dr. Tikoo's opinion in its entirety:

> In addition, the undersigned considered Ravinder Tikoo, M.D.'s opinions from April 2016 and October 2018 that the claimant was capable of performing less than sedentary work with additional postural and manipulative limitations. (Ex. 6F, pgs. 1-3; 22F, pgs. 2-5). The undersigned gives this opinion little weight because it is too restrictive and is inconsistent with the claimant's hearing testimony that she retained the ability to work after the alleged onset date and the totality of the medical evidence of record, which does not mention anything regarding the claimant's need to elevate her bilateral lower extremities. (Ex. 5F, p. 3; 9F, pgs. 3-4; 14F, p. 21; Hearing Testimony).

(Tr. 21.) Plaintiff contends that this explanation is insufficient under Third Circuit law, and aptly cites the Third Circuit's decision in Morales, which held:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions

2

> reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled. In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted).

The Court has considered the ALJ's explanation for rejecting Dr. Tikoo's opinion in light of Morales and finds that the explanation is insufficient even to review. Morales states that an ALJ may reject a treating physician's opinion "outright only on the basis of contradictory medical evidence." Id. Here, the ALJ rejected Dr. Tikoo's opinion outright. In support, the ALJ first points to the claimant's hearing testimony, which is not contradictory medical evidence. The ALJ also points to "the totality of the medical evidence of record," a statement so general that this Court cannot meaningfully review it; it gives no more reviewable information than no explanation at all. The only other clue that the ALJ provides is the comment that the medical evidence of record "does not mention anything regarding the claimant's need to elevate her bilateral lower extremities." (Tr. 21.) While this may have the potential to be developed into an explanation of the rejection of one aspect of Dr. Tikoo's assessment, in its present form, the Court cannot meaningfully review it. What is the specific contradictory medical evidence about the functioning of Plaintiff's lower extremities? Which physician gave what conflicting opinion? Or did no other physician say anything about the legs or leg-raising?

Furthermore, beyond leg-raising, Dr. Tikoo gave a number of other opinions, regarding limited use of the right hand, difficulty sitting, standing, walking, lifting, and reaching, as well as

3

the opinion that Plaintiff was incapable of even low-stress work. (Tr. 897-900.) The ALJ provided no explanation for the rejection of those assessments.

Furthermore, the ALJ's explanation precludes meaningful review, pursuant to Burnett. An ALJ need not "use particular language or adhere to a particular format in conducting his analysis," as long as "there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). In the present case, the ALJ's decision does not contain sufficient explanation of the reasoning for the rejection, and does not permit meaningful review of this point. This part of the ALJ's determination at step four is not amenable to meaningful review and must be vacated, pursuant to Burnett v. Commissioner of SSA, 220 F.3d 112, 119 (3d Cir. 2000). The ALJ's statements here are not substantially more informative than the conclusory statements found to be insufficient by the Third Circuit in Burnett: "We agree with Burnett the ALJ's conclusory statement in this case is similarly beyond meaningful judicial review." Id. at 119. The failure to satisfy the requirements of Burnett by itself requires that the Commissioner's decision be vacated and remanded.

The failure to satisfy the requirements of Burnett precludes meaningful review of the argument Plaintiff has raised about the rejection of Dr. Tikoo's opinion. A thorough explanation would allow the reviewing Court to consider the principal question, which is whether the ALJ's reasoning meets the requirements of Morales.

For these reasons, this Court finds that the Commissioner's decision is not amenable to meaningful review.   Pursuant to the Third Circuit's decision in <u>Burnett</u>, the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

  s/ Stanley R. Chesler  <br>STANLEY R. CHESLER, U.S.D.J.

Dated: January 10, 2022